12 Civ. 6854 (ALC) (FM)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DR. RONALD TONGRING,

                                                    Plaintiff,

-against-

BRONX COMMUNITY COLLEGE of the City University of New York System, ANTHONY WEAVER, AND SUSAN FORMAN,

                                                    Defendants.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 2-112*
*New York, N.Y. 10007*

*Of Counsel: Lawrence J. Profeta & Asad Rizvi*
*Tel: (212) 788-6838*
*Matter No. 2012-013881*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT .................................................................................................. 1

ARGUMENT .................................................................................................................................. 2

   POINT I ........................................................................................................................................ 2

      *DEFENDANTS PROPERLY FILED A RULE 12(B)(6) MOTION TO DISMISS THE AMENDED COMPLAINT* ............................................................................................................ 2

   POINT II ....................................................................................................................................... 2

      *PLAINTIFF'S OPPOSITION FAILS TO DEMONSTRATE THAT HIS CLAIMS ARE PLAUSIBLE.* ................................................................................................................... 2

         A.   ADEA/SHRL/CHRL Claim ........................................................................... 4

         B.   FLSA Claim ..................................................................................................... 8

         C.   Libel/Defamation Claim .................................................................................. 9

         D.   New York Labor Law ................................................................................... 10

   CONCLUSION ........................................................................................................................... 10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

DR. RONALD TONGRING,

                              Plaintiff,        12 Civ. 6854 (ALC) (FM)

-against-

BRONX COMMUNITY COLLEGE of the City
University of New York System, ANTHONY
WEAVER, AND SUSAN FORMAN,

                              Defendants.
------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

On March 8, 2013, defendants filed a Rule 12(b)(6) motion to dismiss the Amended Complaint on the grounds that plaintiff fails to state a plausible claim for relief.

On April 10, 2013, plaintiff filed a Brief in Opposition to Defendants' Motion to Dismiss ("Opposition" or "Opp"), *nunc pro tunc*, arguing that defendants' motion to dismiss the Amended Complaint should be denied on the following grounds: (1) defendants waived their right to a hearing on the motion by failing to make an application to the Court for an order and that (2) plaintiff has sufficiently pled age discrimination claims under the Age Discrimination in Employment Act ("ADEA"), the New York State Human Rights Law ("SHRL"), New York City Human Rights Law ("CHRL"), claims under the Fair Labor Standards Act ("FLSA"), and of common-law libel/defamation.

Plaintiff's Opposition is meritless. First, defendants properly filed a Rule 12(b)(6) motion to dismiss the Amended Complaint ("complaint") on March 8, 2013. Second, plaintiff cites the wrong pleading standard in arguing that he has stated a claim of age discrimination under the ADEA, SHRL, and CHRL. Third, contrary to plaintiff's assertions,

1

minimum salary requirements for professionals under other FLSA regulations do not apply to the teaching professionals exemption, which bars plaintiff's FLSA claims. Fourth, plaintiff fails to refute the well-settled principle the statements made in the context of employee evaluations are not actionable in a libel/defamation action.

## ARGUMENT

### POINT I

**DEFENDANTS PROPERLY FILED A RULE 12(B)(6) MOTION TO DISMISS THE AMENDED COMPLAINT**

Plaintiff argues that defendants have "waived their right to a hearing on the motion" because "they did not file a compliant motion, or indeed any motion at all." See Opp, pg. 8. Plaintiff argues that, pursuant to Federal Rule 7(b)(1), defendants were required to make an application to the Court for an order requesting dismissal, "in writing in the form of a motion." Id. Plaintiff is clearly mistaken. Defendants filed their motion in compliance with Federal Rule 7(b)(1) as well as Local Rule 7.1. Under Federal Rule 7(b)(1), all motions must be in writing unless made during a hearing or trial, state with particularly the grounds for seeking the order, and state the relief sought. Local Rule 7.1 simply requires that all motions filed in this Court shall include a notice of motion specifying the relief sought by the motion, a memorandum of law, and any supporting affidavits or exhibits attached thereto. See Local Rule 7.1(a). Defendants' motion to dismiss was filed in compliance with these rules. See Docket Nos. 39-41.

### POINT II

**PLAINTIFF'S OPPOSITION FAILS TO DEMONSTRATE THAT HIS CLAIMS ARE PLAUSIBLE.**

As an initial matter, plaintiff cites the incorrect pleading standard in an attempt to argue that he has sufficiently asserted a cause of action. See Opp, pg. 8. Citing a legal treatise,

plaintiff argues that claims should only be dismissed at the pleading stage when there "is some insuperable bar to relief." Id. (internal citation omitted).  However, plaintiff's Opposition fails to address the current, binding pleading standard set forth by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic v Twombly, 550 U.S. 544 (2007), which mandates that a complaint be plausible, and not merely speculative, in order to survive a motion to dismiss. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 578.  Plaintiff's citation to the pre-Iqbal/Twombly "notice pleading" standard and case law affirming that overruled standard is, therefore, incorrect and should be rejected.  See Opp, pgs. 8-11.

Plaintiff incorrectly argues that notice pleading remains the correct standard in the review of employment discrimination complaints in the Second Circuit.  See Opp, pg. 11. Plaintiff's reliance on Swierkiewicz v. Sorema, 534 U.S. 506 (2002) in support of his claim that a litigant need only set forth a "short and plain statement' in such claims is misplaced. Id.  "'[A] complaint need not establish a prima facie case of employment discrimination to survive a motion to dismiss; however, the claim must be facially plausible and must give fair notice to the defendants of the basis for the claim.'"  Chen v. City Univ. of N.Y., 2011 U.S. Dist. LEXIS 130094 (S.D.N.Y. Nov. 9, 2011) (citing Barbosa v. Continuum Health Partners, Inc., 716 F. Supp. 2d 210, 215 [S.D.N.Y. 2010] (reconciling Swierkiewicz with Twombly and Iqbal) and Fowler v. Scores Holding Co., 677 F. Supp. 2d 673, 679 [S.D.N.Y. 2009]).  Even in an employment discrimination pleading, "the court need not accord [l]egal conclusions, deductions or opinions couched as factual allegations… a presumption of truthfulness." Barbosa, 716 F. Supp. 2d at 215 (S.D.N.Y. 2010) (internal citation and quotation marks omitted).  Thus, contrary

to plaintiff's assertions, notwithstanding Swierkiewicz, a plaintiff must still set forth a plausible claim for which relief may be granted to survive a motion to dismiss.

Finally, plaintiff's reliance on Boykin v. KeyCorp, 521 F.3d 202, 212-16 (2d Cir. 2008) is misplaced.  In Boykin, the Court found that a complaint filed by a *pro se* plaintiff was to be liberally construed and, consequently, found that plaintiff had stated a cause of action. Boykin, 521 F.3d 202.  However, "[d]ismissal of a pro se complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." Leak v. Schriro, 2013 U.S. Dist. LEXIS 47530 (S.D.N.Y. Feb. 20, 2013) (internal citations omitted).  Here, plaintiff, who is represented by counsel, is not entitled to a liberal construction of his pleading as was granted to *pro se* plaintiff in Boykin.

A.     ADEA/SHRL/CHRL Claim

   (i) Disparate Treatment

Plaintiff's Opposition demonstrates that the complaint fails to set forth a colorable claim of age discrimination.  Indeed, plaintiff fails to set forth any facts that plaintiff was terminated under discriminatory circumstances.  Plaintiff simply states in a conclusory manner that his complaint is "replete with references to the failure of Defendants to abide by the rules and regulations governing Plaintiff's employment and his right under the broad Academic Freedom policy to teach the course as a mathematician expositing mathematics in its richness as well as its formulas." See Opp, pg. 12.  Even if true, such critique is age-neutral and fails to set forth a plausible claim under the ADEA, SHRL, or CHRL.  See Thorpe v. Piedmont Airlines, Inc., 2013 U.S. Dist. LEXIS 24386 (N.D.N.Y. 2013) ("Therefore, because Plaintiff has failed to show that the alleged discrimination and termination from employment arose under circumstances giving rise to an inference of age discrimination, Plaintiff has failed to establish a prima facie case under the ADEA.").

4

Indeed, plaintiff continues to set forth conclusory allegations simply asserting that defendants "discriminated against him because of his age." See Opp, pg. 13. As noted in defendants' moving papers, such "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to set forth a plausible cause of action. Iqbal, 556 U.S. at 678 (internal citation omitted). Indeed, even accepting as true plaintiff's claim that he was replaced by two persons younger than plaintiff, it is well-settled that such allegations alone are insufficient to establish a plausible age discrimination claim. See Zucker v. Five Towns Coll., U.S. Dist. LEXIS 85441 at *2-3 (E.D.N.Y. Aug. 18, 2010) (allegations that plaintiff's work performance was satisfactory, he was replaced by a younger person, and he was subjected to unjustified criticism insufficient to survive motion to dismiss because they suggest only that plaintiff may have been treated unfairly, not that he was so treated because of animus based on age).

This Court has repeatedly rejected conclusory, barebones, age discrimination claims, such as the one asserted by plaintiff. See Holowecki v. Fed. Express Corp., 644 F. Supp. 2d 338, 355 (S.D.N.Y. 2009) ("bald assertion" that plaintiff was oldest courier in station was insufficient to give rise to inference of age discrimination), aff'd, 382 F. App'x 42 (2d Cir. 2010); see also Hawkins v. Astor Home for Children, 1998 U.S. Dist. LEXIS 3599 at *7-8 (S.D.N.Y. Mar. 25, 1998) (mere fact that plaintiff was oldest employee at time of termination represented only one decision of defendant and did not give rise to inference of age discrimination). As the Court explained in Payne v. Malemathew, 2011 U.S. Dist. LEXIS 80649 (S.D.N.Y. 2011):

> (1) allegations that plaintiff performed satisfactorily and was replaced with a younger person merely allow for the possibility that age discrimination was at work but do not raise that possibility above a speculative level; (2) if such "barebones allegations" were sufficient to state a claim, any

5

> time an employee over 40 were fired, the employer would be unable to replace him or her with a younger person without opening itself up to liability; and (3) because everyone is a member of protected classes, employers could avoid an inference of discrimination only by replacing fired employees with "virtual clone[s]" of the terminated employee.

Finally, plaintiff's remaining arguments also fail to establish a plausible claim of age discrimination. Plaintiff argues that defendants' alleged "failure to follow its own policies" before terminating plaintiff is "probative of pretext." See Opp, pgs. 12-13. The question of pretext is an evidentiary one reserved for summary judgment, as is evidenced by plaintiff's own citation to case law involving motions for summary judgment where the Court reviews the record for triable issues of fact. Id. However, as the Court noted in Chen, 2011 U.S. Dist. LEXIS 130094, *25, at the pleading stage, "the claim must be facially plausible and must give fair notice to the defendants of the basis for the claim." Here, plaintiff fails to set forth a plausible claim by setting forth conclusory, unsupported allegations which do not form a colorable claim of age discrimination. Plaintiff's mere disagreement with his class observations are of no moment. See Valentine v. Standard & Poor's, 50 F. Supp. 2d 262, 284 (S.D.N.Y. 1999) ("plaintiff's subjective disagreement with his reviews is not a viable basis for a discrimination claim"); see also Miller v. Nat'l Assoc. of Sec. Dealers, Inc., 703 F. Supp. 2d 230, 247 (E.D.N.Y. 2010) ("The relevant inquiry is not whether the performance-based justification for plaintiff's termination articulated by defendant is accurate or fair, but whether plaintiff can show any evidence that it was not the actual justification and plaintiff cannot accomplish this by stating his disagreement with his supervisors' negative assessment of his performance, even [if he] has

6

evidence that the decision was objectively incorrect.") (internal citations and quotations omitted). Consequently, all such claims should be dismissed.[1]

      (ii) Retaliation

Plaintiff addresses his purported claims of retaliation in cursory fashion. See Opp, pg. 13. Like his complaint, plaintiff's Opposition fails to demonstrate that he engaged in any protected activities under the ADEA, SHRL, or SHRL, which defendants were aware of, that caused plaintiff to suffer any adverse employment actions. To the extent that plaintiff argues that defendants retaliated against him by imposing a "do not darken my door" settlement clause in retaliation for demanding his wages, plaintiff does not allege that such written demand was done in effort to "oppos[e] an employment practice made unlawful by…the ADEA," SHRL, or CHRL. Uy v. Mount Sinai Hosp., 2012 U.S. Dist. LEXIS 143308, *16-17 (S.D.N.Y. 2012). Thus, as plaintiff fails to set forth any colorable claim of retaliation, all such claims should be dismissed.

      (iii) Hostile Work Environment

Plaintiff now argues, in cursory fashion, that he was subjected to a hostile work environment. See Opp, pg. 13. As an initial matter, it is well-settled that "plaintiffs may not ambush defendants with new claims after defendants have moved to dismiss." Vandermark v. City of New York, 615 F. Supp. 2d 196, 208 (S.D.N.Y. 2009). Here, plaintiff asserts this claim for the first time in opposition to defendants' motion to dismiss and, consequently, this Court should dismiss plaintiff's hostile work environment claim.

---

[1] Plaintiff's improper request for leave to amend his Amended Complaint is futile and should be denied. See Opp, pg. 15. First, plaintiff has failed to seek leave by motion and has not attached a proposed amended pleading. Young v. Lord & Taylor, LLC, 2013 U.S. Dist. LEXIS 39586 (E.D.N.Y. 2013). Second, any such amendment would be futile because, as explained above,

In any event, even if it was properly before this Court, plaintiff's hostile work environment claim should fail as a matter of law. In order to set forth a plausible hostile work environment claim, plaintiff must plead that "the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993). In order to establish a hostile work environment claim, a plaintiff must demonstrate that the conduct occurred *because* of his status in a protected class. See Alfano v. Costello, 294 F.3d 365, 377 (2d Cir. 2002).

Here, plaintiff simply argues that defendant Weaver's "criticisms followed the tone and creation of a hostile work environment created" by defendant Forman. See Opp, pg. 8. First, plaintiff fails to detail the nature of the criticisms nor their severity or pervasiveness. Second, plaintiff fails to show that the critique was on account of plaintiff's age. Third, even if these criticisms *were* severe and pervasive in nature, "excessive criticism is generally insufficient to support a claim of a pervasive or severe hostile work environment." Plahutnik v. Daikin Am., Inc., 2012 U.S. Dist. LEXIS 175379 (S.D.N.Y. 2012) (internal citation omitted). Clearly, plaintiff's threadbare allegations do not meet the threshold for an actionable hostile work environment claim and should be dismissed.

**B.    FLSA Claim**

Plaintiff fails to rebut defendants' assertion that all plaintiff's claims under the FLSA should be dismissed because of the professional teachers exemption. See Opp, pg. 16-17. Plaintiff mistakenly argues that the teachers exemption does not apply because plaintiff did not receive a salary of at least $455 per week. Id., pg. 16 (citing 29 CFR § 541.300). However, this

---

simply listing the alleged ages of plaintiff's replacements is insufficient to establish a plausible claim of age discrimination. See id.; see also Opp, pg. 15.

8

Court has held that "the minimum salary requirements for professionals under other FLSA regulations do not apply to Section 303." Franklin v. Breton Int'l, Inc., 2006 U.S. Dist. LEXIS 88893, 12-13 (S.D.N.Y. 2006) (Compare § 541.300[a][1], with § 541.303[d].). Section 541.303(d) of the FLSA states clearly that "[t]he requirements of § 541.300 and Subpart G (salary requirements) of this part do not apply to the teaching professionals described in this section." 29 CFR § 541.303(d). Here, it is undisputed that plaintiff is a teaching professional within the meaning of the FLSA and, consequently, all his FLSA claims should be dismissed.

**C.     Libel/Defamation Claim**

Plaintiff's Opposition fails to acknowledge the protected nature of the communications at issue in his libel/defamation claim. Plaintiff alleges that "[t]he statements contained in Forman's and Weaver's teaching evaluations were published, and are false and defamatory." See Complaint, ¶ 54. The alleged defamatory statements were made in the context of plaintiff's observation reports and evaluations and as stated in defendants' moving papers, the law is clear that "'[a]n employer has the right to assess an employee's performance on the job without judicial interference,' the statements that Plaintiff alleges were made orally and in writing are non-actionable." Doe v. White Plains Hosp. Med. Ctr. (WPHMC), 2011 U.S. Dist. LEXIS 76076, 9-10 (S.D.N.Y. 2011).

For the first time in his Opposition, plaintiff argues that statements in his evaluations were written with malice to overcome the qualified privilege granted to employment evaluations. See Opp, pgs. 18-19. First, plaintiff was required to plead this in his complaint and not in opposition to a motion to dismiss. Second, plaintiff's belated, boilerplate claim of malice is insufficient to establish a plausible libel/defamation claim because "employee-plaintiffs must allege malice on the part of their superiors, and these allegations must be supported by sufficient evidentiary facts." Shamley v. ITT Corp., 869 F.2d 167, 173 (2d Cir. 1989) (internal citations

9

omitted). Insofar as plaintiff argues that defendants defamed him by alleging that he violated the Family Education Rights and Privacy Act ("FERPA") for, among other things, disclosing the name of students while distributing graded work, such critique would be protected as it also arises out of the evaluation of plaintiff's performance. See Opp, pg. 7. Thus, plaintiff's libel/defamation claims should be dismissed.

**D.     New York Labor Law**

Plaintiff incorrectly asserts that the City University of New York ("CUNY") is a City contractor, and, thus, not a public entity entitled to the public employer exemption under the New York Labor Law. See Opp, pgs. 20-21; see also N.Y. Lab. Law § 651(5) and 12 NYCRR § 142-2.14. However, this Court has repeatedly acknowledged that CUNY is a public entity. See Gengo v. City Univ. of N.Y., 2010 U.S. Dist. LEXIS 142330 (E.D.N.Y. 2010); Goonewardena v. New York, 475 F. Supp. 2d 310, 321 (S.D.N.Y. 2007). Plaintiff's New York Labor Law claims should be dismissed.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court grant its motion to dismiss the Amended Complaint in its entirety and deny the relief requested therein, and grant such other and further relief as this Court deems just and proper.

Dated:     New York, New York
           April 26, 2013

>                    **MICHAEL A. CARDOZO**
>                    Corporation Counsel of the
>                       City of New York
>                    Attorney for Defendants
>                    100 Church Street, Room 2-112
>                    New York, New York 10007-2601
>                    (212) 788-6838
>                    arizvi@law.nyc.gov
>              By:   */S Asad Rizvi*
>                    Asad Rizvi (AR-2964)
>                    Assistant Corporation Counsel

10